**Virginia M. OLIVER, Plaintiff,**

v.

**STATE OF NEVADA, et al., Defendants.**

**No. CV–R–83–75–ECR.**

United States District Court,
D. Nevada.

March 7, 1984.

Nicolaus R. Harkins, Carson City, Nev., for plaintiff.

D. Brian McKay, Atty. Gen. by Don Christensen, Deputy Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff claims that she was terminated from a position with the Nevada Department of Wildlife (NDOW) due to illegal sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant NDOW has filed a motion for summary judgment, contending that plaintiff's claim was not filed within the period prescribed by 42 U.S.C. § 2000e–5.

### Facts

Plaintiff was terminated from her position with NDOW on July 31, 1981. She testified that she contacted the federal Equal Employment Opportunity Commission (EEOC) by telephone shortly thereafter, that an unidentified person at that agency returned her call and told her that she had 300 days in which to file a complaint,[1] but that she was not told how to go about filing a complaint with the EEOC.

Late in December of 1981, a friend of the plaintiff's provided her with a copy of NDOW's amended non-discrimination policy. This policy was intended to facilitate compliance with the U.S. Department of Interior's (DOI) Title VI guidelines. Title VI prohibits discrimination on the basis of race, color, national origin, age, or handicap in any program or activity receiving federal financial assistance. It does not prohibit employment discrimination or sex discrimination.

The NDOW non-discrimination policy, however, recited that

> It is the policy of this Department that no person in the United States shall on the grounds of race, color, *sex*, national origin, age, or handicap be excluded from

---

1. This information appears to have been incorrect, since the 300-day period applies only if a complaint is initially filed with an appropriate state agency. 42 U.S.C. § 2000e–5(e).

participating in, denied the benefits of, or subjected to discrimination under any Department program or activity.

[Emphasis added.] The policy also recommended that

If you believe that you have been discriminated against in any program, activity or facility, it is your right to file a written complaint with:

The Office of Equal Opportunity

U.S. Department of the Interior

Office of the Secretary

Washington, D.C. 20240

Plaintiff testified that she interpreted the NDOW policy to mean that she could file her claim of employment discrimination with the Department of the Interior, and that she spent about two weeks drafting a letter of complaint to that agency, containing the specifics of her discrimination claim. On January 14, 1982, she sent the letter to the DOI's Office of Equal Opportunity. On February 12, 1982, DOI advised her that they had no jurisdiction to resolve employment discrimination claims, and referred plaintiff to the EEOC. On March 9, 1982, plaintiff wrote to the EEOC, enclosing a copy of the letter she had originally sent to DOI. The EEOC received this letter on March 11, 1982. Plaintiff received a "right to sue" letter from the EEOC on December 6, 1982. The ·complaint in the lawsuit was filed on March 4, 1983.

## Discussion [2]

■ Our analysis begins with the proposition that in doubtful cases, legal disputes should be resolved on the merits rather than on procedural technicalities. This is particularly true where, as here, we are confronted with "a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).

This Court finds that plaintiff's belief that she was required to file her claims with DOI was reasonable. Among the factors we have considered in reaching this conclusion is the ambiguity of defendant's amended non-discrimination policy with respect to whether it covers claims of sex discrimination. This ambiguity should be resolved against the defendant as the party responsible for drafting and issuing the policy statement.

■ In order to assert a claim of discrimination under Title VII, a claimant must file a complaint with the EEOC within 180 days after the alleged discriminatory practice occurred. 42 U.S.C. § 2000e–5(e). This limitations period is subject to equitable tolling. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

■ In the present case, the Court finds that the limitations period began when plaintiff was terminated (July 31, 1981). She sent her complaint to the EEOC on March 9, 1982 (221 days later [3]). However, we further find that because plaintiff was reasonable in her belief that she was required to initially file her claim with DOI, the limitations period should be tolled for the period beginning when she first learned of the existence of the amended non-discrimination policy in late December of 1981, continuing for the period of time required to prepare the letter that she sent to DOI, and terminating when DOI advised her that it had no jurisdiction over her claim (February 12, 1982). Thus it appears that a reasonable tolling period is 43 days. Therefore, although plaintiff's claim was not filed with EEOC until 221 days after she was terminated, once the 43 days are deducted her claim was filed well within the limitations period of § 2000e–5(e).

2. Plaintiff's contention that the statute of limitations issue should be submitted to the jury for decision is without merit. Compliance with a statute of limitations is at best a mixed question of law and fact that is for the Court to decide.

3. This Court's statement in its order of December 12, 1983, that plaintiff filed her claim with the EEOC 192 days after she was terminated was based on an erroneous calculation.

IT IS, THEREFORE, HEREBY ORDERED that defendant NDOW's Motion for Summary Judgment is denied.[4]

---

**4.** It should be noted that that this Order does not constitute a decision on the merits of plaintiff's sex discrimination claim. It merely allows the case to go forward so that the merits can be determined.