**Francisco D. ALVIDREZ, Plaintiff,**

**v.**

**Preston R. TISCH, United States Postmaster General, United States Postal Service, Defendant.**

**Civ. A. No. 86–2575–S.**

United States District Court,
D. Kansas.

March 10, 1988.

Robert B. Van Cleave, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Robert A. Olsen, Asst. U.S. Atty., Dist. of Kansas, Kansas City, Kan., Stuart J. Blenner, Sr. Atty., Office of Field Legal Services, U.S. Postal Service, Central Region, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss or for summary judgment. This is a handicap discrimination lawsuit against the United States Postal Service. Plaintiff claims that he was initially rejected for a postal service position because of a handicap, although he was physically capable of performing all duties required for the position he was seeking. Defendant United States Postal Service and Postmaster General Preston R. Tisch bases the present motion on plaintiff's failure to initiate a charge of discrimination within the time prescribed by 42 U.S.C. § 2000e–16(b) and 29 C.F.R. § 1613.214(a)(1)(i).

The uncontroverted facts for the purpose of this motion are as follows. In December 1982, plaintiff applied for employment as a mail distribution clerk with the United States Postal Service. On January 14, 1983, Dr. John Beeks conducted a physical examination of plaintiff to determine his fitness for the position. Dr. Beeks determined that plaintiff was medically unsuitable. On March 4, 1983, plaintiff was formally notified that he was medically unfit for the position.

On March 7, 1983, plaintiff initiated an appeal of the Postal Service's determination. He was subsequently examined by two independent medical personnel, who

found him to be medically fit for employment. Plaintiff's deposition testimony establishes that although plaintiff knew he had the right to pursue an administrative/judicial remedy for handicap discrimination, he believed that the Postal Service would do the right thing and reverse itself. In fact, on June 28, 1983, the Postal Service did reverse itself and found plaintiff medically suitable. On June 30, 1983, plaintiff commenced his administrative Equal Employment Opportunity complaint by contacting an EEO counselor. The Postal Service hired plaintiff effective August 20, 1983. Plaintiff subsequently filed this lawsuit, seeking lost wages for the period of January 16, 1983 to August 20, 1983, as well as lost benefits and seniority, basing these claims on handicap discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*

Defendants rely on 29 C.F.R. § 1613.214 (1984) in arguing that plaintiff's initiation of his administrative complaint was beyond the period of limitations. This regulation reads as follows:

Filing and presentation of complaint.

(a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date....

....

(4) The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

Plaintiff learned of the allegedly discriminatory rejection on March 4, 1983. He did not pursue his remedy under the anti-discrimination laws until June 30, 1983, beyond the 30–day limit. Plaintiff argues that he was reasonable in assuming that the Postal Service would reverse itself within a period of 10–20 days after March 4, 1983, based on postal regulations which prescribe the requirements for timely processing of appeals. When that time period passed and the Postal Service still had not acted on his appeal, plaintiff elected to postpone any administrative remedy, explaining, "I was operating on good faith waiting to receive within the mandated time and I did not want to jeopardize any chance of employment by taking this up before I actually worked." Plaintiff did not file an administrative complaint because he was waiting to see what would happen with his internal Postal Service appeal. Plaintiff's Deposition, at 40.

■ A federal employee must seek administrative review of a grievance before filing suit for unlawful discrimination in employment. *Young v. National Center for Health Services Research,* 828 F.2d 235, 237 (4th Cir.1987); 42 U.S.C. § 2000e–16(b). The remedies available under section 2000e–16 to federal employees apply to persons with handicap discrimination claims. *Johnson v. Orr,* 747 F.2d 1352, 1356 (10th Cir.1984); 29 U.S.C. § 794a(a)(1). In enacting section 794a(a)(1), " 'it is evident that Congress intended to invoke ... the requirement that a claimant exhaust administrative remedies before filing suit in federal court.' " *Johnson,* 747 F.2d at 1356–57 (quoting *Smith v. United States Postal Service,* 742 F.2d 257, 261 (6th Cir.1984)). The first step in pursuing the administrative remedy is contacting an EEO counselor within 30 days of the alleged act of discrimination. *Young,* 828 F.2d at 237 (citing 29 C.F.R. § 1613.214(a)(1)(i) (1986)).

In essence, plaintiff argues that the court should toll the running of the 30 days for the period of time during which his

internal appeal was pending. The viability of this argument depends in the first instance on whether C.F.R. § 1613.214 is a matter of subject matter jurisdiction as opposed to a statute of limitations. The circuits are split on this issue. The Seventh Circuit's view is that, based on considerations of sovereign immunity, the time limits for filing employment discrimination claims against the federal government create a prerequisite to federal court jurisdiction. *Kontos v. United States Department of Labor*, 826 F.2d 573, 576 (7th Cir.1987). The Ninth Circuit and possibly the Eighth Circuit follow this view. *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983); *Scott v. St. Paul Postal Serv.*, 720 F.2d 524 (8th Cir.1983) (affirming for lack of subject matter jurisdiction, but referring to requirement as a statute of limitations and stating that equitable tolling was not appropriate under the facts), *cert. denied*, 465 U.S. 1083, 104 S.Ct. 1453, 79 L.Ed.2d 770 (1984). The Eleventh Circuit has held that the timely filing requirement is not a prerequisite to federal jurisdiction, but rather is a statute of limitations subject to equitable doctrines such as waiver, estoppel, and tolling. *Ross v. United States Postal Serv.*, 814 F.2d 616 (11th Cir.1987). The Third, Fourth, Fifth, and District of Columbia circuits likewise treat timely filing as a statute of limitations. *See Ross*, 814 F.2d at 617 (citing cases).

Tenth Circuit opinions have been inconsistent on this issue. Two opinions from 1984 declare that the 30–day period is a statute of limitations, *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984); *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421 (10th Cir.1984), while an opinion from late 1984 declares the opposite to be true in the Tenth Circuit. *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir.1984) ("The Tenth Circuit has held that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under § 2000e–16.") (citations omitted). The state of confusion is evidenced by the fact that former Circuit Judge Breitenstein sat on the panels in the inconsistent *Martinez* and the *Johnson* cases.

Although *Johnson* is the most recent case, it did not mention the two earlier decisions and in fact contained no analysis of the issue. The *Donovan* and *Martinez* opinions contained reasoned analysis, including reliance upon *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. The court finds *Donovan* and *Martinez* to be controlling.

■ Plaintiff argues that the time for filing a complaint with the EEO counselor should be tolled. The Tenth Circuit's decisions "have indicated that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of 'active deception' sufficient to invoke the powers of equity." *Martinez*, 738 F.2d at 1110. Active deception includes (1) the federal agency lulling the claimant into inaction, and (2) the claimant being actively misled or in some extraordinary way being prevented from asserting his or her rights. *Id.* The *Martinez* court relied on equitable tolling cases involving Title VII claims against non-federal government entities, and those cases treated the limitations period as jurisdictional, but the Tenth Circuit applied the same analysis to cases falling under the thirty-day limitation. There being no evidence of active misleading or prevention from the assertion of plaintiff's rights, the court will examine whether the Postal Service lulled plaintiff into inaction within the meaning of the Tenth Circuit's decisions.

In *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857 (10th Cir.1983), an aggrieved employee pursued several charges of employment discrimination against his employer. He received his right-to-sue letter on March 12, 1981. On May 4, 1981, he sought the help of a clerk at the federal district court. The clerk permitted the employee to file his right-to-sue letter and advised him to file his com-

plaint as soon as possible. The district court clerk subsequently sent a letter to the employee, stating that when a right-to-sue letter is filed with the court, the time for filing the lawsuit stops until the aggrieved person has had an opportunity to obtain counsel. The employee relied upon this letter and ultimately filed a pro se complaint beyond the ninety-day limitations period. The court found that the limitations period had been tolled because of the clerk's statements. The court emphasized that the plaintiff had not slept on his rights. *Id.* at 859.

In *Carlile v. South Routt School Dist. RE 3-J*, 652 F.2d 981 (10th Cir.1981), the court reiterated an earlier decision concerning the restricted limits within which the courts should permit equitable tolling in employment discrimination cases. The court emphasized that only when active deception is present should the plaintiff be permitted to "invoke the powers of equity to toll the limitations period." *Id.* at 985 (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 839 (10th Cir.1979)).

■ The court finds that no active deception occurred under these facts. The Postal Service did *nothing* that might reasonably be construed as lulling the plaintiff into inaction. The sole reason contained in the record for plaintiff's decision not to pursue an administrative remedy was his confidence that the Postal Service would reverse itself and find him medically fit. This confidence was not based on any glimmer of hope offered by the Postal Service, because the Postal Service in fact remained silent on plaintiff's employment status until late June, 1983. Rather, the confidence was based solely on plaintiff's belief that he was in fact suitable for the position. The court can find no basis for equitable tolling here.

The court does not believe that internal Postal Service procedures for handling appeals can be construed as active deception either. Under these procedures, once the United States Postal Service medical officer determines that an applicant's physical capabilities are insufficient for him to perform the duties of the specific position, the applicant is entitled to a review of the decision. Postal Employees Manual ¶ 327.221. Upon appeal of the decision, the medical officer must forward a file containing documentation of the decision of unsuitability to the Regional General Manager *as soon as possible. Id.* ¶ 327.222. Upon receiving the file, the Regional General Manager is to review it for completeness and, if it is determined that the file does not adequately support the rejection, advise the appropriate official to appoint the applicant. *Id.* ¶ 327.231–.232. There is no time limit in which to accomplish this. Plaintiff could not reasonably have believed that an internal appeal would or could have been accomplished within 30 days of the initial notice of rejection.

■ The only other basis for tolling the limitations period would be that the internal appeal tolled it as a matter of law. This is an area of law in which much uncertainty exists. *Compare Delaware State College v. Ricks*, 449 U.S. 250, 261, 101 S.Ct. 498, 505, 66 L.Ed.2d 431 (1980) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period.") *with McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1320 (7th Cir.1984) (internal appeal of adverse decision on application to Postal Service tolls running of 30-day period). The court finds that the internal appeal does not toll the statute of limitations as a matter of law. The *Ricks* case mandates such a holding, because the appeal in this case was virtually indistinguishable from the "collateral review" processes discussed in *Ricks*. The *Ricks* Court concluded, "The existence of careful procedures to assure fairness in the [employment] decision should not obscure the principle that limitations periods normally commence when the employer's decision is made." 449 U.S. at 261, 101 S.Ct. at 506. Such a holding is particularly appropriate in the present case. Plaintiff must have known that even if he were successful on his administrative appeal, he would still have to seek back pay, benefits, and seniority dating to January, 1983. The administrative

appeal would still not have made plaintiff whole. Therefore, he was not justified in refraining from contacting the EEO counselor, because he knew of his rights and made a conscious decision to postpone asserting them.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment be granted.