**Harold PETERSON, Plaintiff,**

v.

**CITY OF WICHITA, KANSAS, Defendant.**

No. 86–1013–C.

United States District Court, D. Kansas.

Feb. 14, 1989.

Jim Lawing, Wichita, Kan., for plaintiff.

John Dekker, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on defendant's motion for summary judgment. In his suit, plaintiff alleges because of his race he was discharged from his position with defendant as Director of the Human Resources Department. Plaintiff seeks relief only under Title VII, 42 U.S.C. § 2000e, *et seq.* Besides denying it committed any unlawful discrimination, the defendant City of Wichita (City) contends plaintiff is precluded, as a matter of law, from any relief under Title VII for his failure to file a timely charge with the Equal Employment Opportunity Commission (EEOC).

In ruling on a motion for summary judgment, the trial court conducts a threshold inquiry of the need for a trial and grants summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). The court is to be concerned with the sufficiency of the evidence, not its weight. *Casper v. C.I.R.,* 805 F.2d 902, 904 (10th Cir.1986.) Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2511–2512. There is no genuine issue for trial unless there is sufficient evidence—significantly probative or more than merely colorable—favoring the nonmoving party for a jury to return a verdict for that party. 477 U.S. at 249, 106 S.Ct. at 2510. Where there is but one reasonable conclusion as to the verdict and reasonable minds would not differ as to the import of the evidence, summary judgment is appropriate. 477 U.S. at 250, 106 S.Ct. at 2511.

The movant's burden under Fed.R.Civ.P. 56 is to make an initial showing of the absence of evidence to support the nonmoving party's case. *Windon Third Oil and Gas v. Federal Deposit Ins.,* 805 F.2d 342, 345. (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). To show an absence of material fact, the movant must specify those portions of "the pleadings, deposition, answers to interrogatories and admissions on file, together with affidavits if any." Fed.R.Civ.P. 56(c). "[C]onclusory assertions to aver the absence of evidence remain insufficient to meet this burden." *Windon,* 805 F.2d at 345 n. 7. The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts supported by the kinds of evidentiary materials listed in 56(c), which demonstrate a genuine issue remaining for trial. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The evidence of the nonmoving party is deemed true and all reasonable inferences are drawn in his favor. *Windon,* 805 F.2d at 346. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." (citation omitted.) *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed. 2d 265 (1986).

For purposes of this motion for summary judgment, the following facts are uncontroverted.

1. Plaintiff, Harold Peterson, is a Black American male.

2. Defendant, City of Wichita, Kansas, is a city of the first class, organized and existing under the laws of the State of Kansas. At all relevant times, E.H. Denton was the City Manager of the defendant City.

3. Plaintiff was employed as the Director of the City's Department of Human Resources from February 28, 1981, until June 8, 1983, when he was terminated. Plaintiff served as the Acting Director of the Department of Human Resources from June 8, 1983, to September 3, 1983. Plaintiff's successor as the Director of Human Resources was a black female, Lorraine Griffin Johnson.

4. Plaintiff was informed of his termination on June 8, 1983, by a letter from City Manager Denton. Plaintiff, with the assistance of an attorney, filed a grievance the next day using the procedure provided in the City's personnel manual. On September 14, 1983, plaintiff's local administrative remedies were exhausted upon receipt of a letter from City Manager Denton stating that the Personnel Advisory Board had found just cause for plaintiff's termination and that he was reaffirming the termination. The letter ended with the following paragraph:

> Should you disagree with this decision you have the right to file a complaint with the United States Department of Labor Employment and Training Administration Grant Officer pursuant to Section 676.86 of Title 20 of the Code of Federal Regulations, if your employment was covered by those procedures.

The letter further indicates that a copy was sent to plaintiff's attorney.

5. On September 23, 1983, plaintiff filed a charge of race discrimination against the defendant City with the Regional Director of the Department of Labor's Office of Civil Rights. On October 14, 1983, the Regional Director responded by letter seriously questioning whether plaintiff's complaint was within the Department of Labor's jurisdiction and asking for additional information to make that final determination. Plaintiff has not averred when or if he provided the additional information. On February 27, 1984, the Regional Director again wrote plaintiff explaining that his office lacked jurisdiction over plaintiff's complaint. This letter began: "[T]his is in response to a letter dated February 15, 1984, from Mr. Edmond Hayes, your Attorney-at-Law, requesting the Office of Civil Rights (OCR) to invoke jurisdiction over your complaint against the City of Wichita...."

6. On February 27, 1984, plaintiff completed and sent a "Discrimination Complaint Form" to the Department of Health and Human Services (HHS), Office for Civil Rights, alleging the defendant City had discriminated against him on the basis of race. The complaint was signed and dated by plaintiff but not under oath or affirmation. The Department of HHS received the complaint on February 29, 1984.

7. By letter dated March 15, 1984, the Department of HHS informed plaintiff that his complaint had been received and was being transferred to the EEOC for determination of jurisdiction under Title VII of the Civil Rights Act of 1964. The letter further stated that the date the complaint was received by the Department of HHS would be deemed the date the complaint was received for Title VII purposes, unless an earlier charge was filed with the EEOC.

8. In a letter dated March 23, 1984, plaintiff's present attorney wrote the EEOC inquiring as to the agency's jurisdiction over plaintiff's complaint.

9. On March 29, 1984, the Kansas City Area Office of the EEOC wrote plaintiff that his charge of employment discrimination had been received and assigned a charge number, that a copy of the charge

would be provided the City of Wichita within ten days, and that the information provided in his charge was insufficient to continue the investigation. Plaintiff was requested to contact the EEOC within 30 days to arrange for an interview or his charge would be dismissed.

10. On March 29, 1984, the EEOC sent a "Notice of Charge of Employment Discrimination" to the City Manager. The EEOC also sent a charge transmittal to the Kansas Commission on Civil Rights (KCCR), indicating the plaintiff's charge was originally received on March 28, 1984, and, pursuant to the work-sharing agreement, the EEOC would initially process the charge.

11. Plaintiff completed a questionnaire for the EEOC on June 3, 1984. He executed the questionnaire "under penalty of perjury that the foregoing is true and correct."

12. From the questionnaire, the EEOC prepared a potential charge of employment and mailed it to plaintiff on July 24, 1984, with an enclosure letter. Plaintiff was asked to review the charge, sign it, and return it promptly "[b]ecause a charge must be filed within the time limitations imposed by law...." In the letter, plaintiff's charge number was followed by the word "PERFECTED" in all capital letters.

13. Plaintiff executed the formal or perfected charge on July 30, 1984. On August 3, 1984, the EEOC sent a charge transmittal to the KCCR indicating plaintiff's charge was initially received by the EEOC on August 1, 1984, and, pursuant to the work-sharing agreement, the charge would be initially processed by the EEOC. The charge transmittal form referred to the EEOC charge number as "perfected."

14. On June 14, 1985, plaintiff signed a second charge of discrimination with the EEOC. The EEOC on October 11, 1985, issued its determination of no reasonable cause.

15. Plaintiff filed his Title VII action with this court on January 8, 1986.

Ostensibly, defendant's motion for summary judgment raises the one issue, whether plaintiff filed a timely charge with the EEOC. A number of critical underlying contentions, however, preclude a terse ruling.

Title VII is "'an integrated, multistep enforcement procedure'" beginning with the filing of a charge with the EEOC alleging discriminatory treatment from an employer. *EEOC v. Shell Oil Co.,* 466 U.S. 54, 62, 104 S.Ct. 1621, 1627, 80 L.Ed.2d 41 (1984) [quoting *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 359, 97 S.Ct. 2447, 2451, 53 L.Ed.2d 402 (1977)]. The "filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see Smith v. Oral Roberts Evangelistic Ass'n, Inc.,* 731 F.2d 684, 686 n. 1 (10th Cir.1984).

The United States Supreme Court has recently summarized the time limit provisions of Title VII in a decision reversing the Tenth Circuit case of *EEOC v. Commercial Products Co.,* 803 F.2d 581 (10th Cir.1986). *EEOC v. Commercial Office Products Co.,* 486 U.S. ——, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Generally, a discrimination charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice. In a deferral state, if the claimant initially institutes proceedings with a state or local agency having the authority to grant or seek relief, the filing with the EEOC must occur within an extended 300–day period. 42 U.S.C. § 2000e–5(e). *Commercial Office Products,* at ——, 108 S.Ct. at 1668, 100 L.Ed.2d at 103. The Supreme Court has identified only one reason for the longer period in deferral states, that is "to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed.2d 532 (1980). The longer period was not intended to provide an option between a state or federal remedy nor

to allow merely more time to obtain state relief. *Id.*

■ Title VII provides the opportunity for states and localities to combat discrimination without federal intervention by specifying that a charge may not be filed with the EEOC until 60 days has passed from the filing with a deferral state or local agency, unless that agency's proceedings are terminated earlier. 42 U.S.C. § 2000e–5(c). *Commercial Office Products*, — U.S. at — – —, 108 S.Ct. at 1668–1669, 100 L.Ed.2d at 103–104. The EEOC's referral of a charge initially filed with it to a state or local agency institutes the agency's proceedings for purposes of Title VII, and the charge may be held in "suspended animation" by the EEOC for the agency's 60 days of exclusive jurisdiction. *Love v. Pullman Co.*, 404 U.S. 522, 525–526, 92 S.Ct. 616, 618–619, 30 L.Ed.2d 679 (1972); *see also Commercial Office Products Co.*, — U.S. at —, 108 S.Ct. at 1669, 100 L.Ed.2d at 104; *Mohasco Corp.*, 447 U.S. at 816, 100 S.Ct. at 2492. Because of the 60–day period, a charge must be filed with the state or local agency or referred to it within 240 days of the discriminatory event to insure satisfaction of the 300–day filing requirement with the EEOC. *Mohasco Corp.*, 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16. A filing with the state or local agency past the 240–days period may still allow the assertion of federal rights if the agency "has terminated" its proceedings before 300 days. 42 U.S.C. § 2000e–5(c). *See Mohasco Corp.*, 447 U.S. at 816 n. 16, 100 S.Ct. at 2491 n. 16; *Commercial Office Products*, — U.S. at —, 108 S.Ct. at 1669, 100 L.Ed.2d at 104. The most recent development in Title VII filing requirements is the Supreme Court's holding in *Commercial Office Products* that a state agency's waiver of the 60–day deferral period pursuant to its worksharing agreement with the EEOC constitutes a termination of the state agency's proceedings. — U.S. at — – —, 108 S.Ct. at 1669–1675, 100 L.Ed.2d at 104–111. The limitations provisions of Title VII reflect an important value judgment in designating a time when the interests of protecting valid discrimination claims are defeated by the interests of precluding the litigation of stale claims. *Delaware State College v. Ricks*, 449 U.S. 250, 259–260, 101 S.Ct. 498, 504–505, 66 L.Ed.2d 431 (1980).

As with almost every rule regarding time periods, the above general statements cannot be mechanically applied. Defendant contends plaintiff filed his first charge of discrimination with the EEOC approximately 420 days after June 8, 1983, the date of the alleged discriminatory event. In the alternative, defendant contends that if the "Discrimination Complaint Form" is treated as a charge filed with the Office of Civil Rights of the Department of Labor on February 27, 1984, or on the date of the EEOC's receipt on March 28, 1984, the KCCR still had not terminated its proceedings and the 60–day deferral period had not expired until after the 300–day period.

In his short memorandum and affidavit, plaintiff apparently makes the following sketchy arguments. First, the Title VII limitations period did not commence running until September 14, 1983, when the City Manager finally concluded the administrative grievance proceedings. Second, the time period should be equitably tolled because of the erroneous advice and mishandling by the City Manager, the Department of Labor and the Department of Health and Human Services. Plaintiff also cites *Casavantes v. California State University, Sacramento*, 732 F.2d 1441 (9th Cir. 1984), for the proposition that an intake question will initiate the administrative process, and the case of *Dickerson v. United States Steel Corp*, 439 F.Supp. 55 (E.D.Pa. 1977), as holding that a complaint filed with the Department of Labor is equivalent to filing a Title VII charge with the EEOC. Plaintiff applies neither decision to the facts of his case and does not indicate what he considers as his charge of discrimination for purposes of this motion. Some indication of plaintiff's position is found in his affidavit, which states, in pertinent part:

On March 23, 1984 my counsel, who presently represents me, sent a letter to the EEOC, which is attached to this affidavit and marked Exhibit F. The EEOC then prepared the formal charge and as-

signed my case an EEOC Case No. 071841181. It presented the formal charge for my signature which I executed before a notary on July 30, 1984.

Based on the actions which I undertook in pursuing my administrative remedies and following the advice given me by defendant's City Manager, I believe that I perfected my EEOC charge within the statutory time period required by Title VII of the 1964 Civil Rights Act. The court should not be left to divine or create a party's arguments. The court interprets the plaintiff's position as that his charge was not perfected until he signed and returned the formal charge on July 30, 1984, and that an EEOC charge must be perfected within the Title VII time period. The court, nevertheless, will also address later the holdings in *Casavantes* and *Dickerson*.

## I. *Grievance Proceedings*

■ The filing period for a discrimination charge commences on the date the employee is notified of the adverse employment decision, regardless of the fact that the adverse effects are not felt until later, such as in a later date of actual termination or a subsequent receipt of severance benefits. *Delaware State College v. Ricks*, 449 U.S. at 257–58, 101 S.Ct. at 503–504; *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir.1988). Consequently, the focus is on the dates of when the discriminatory event occurred and when the complainant was notified of it. *Id.* Harold Peterson was terminated from the position as Director of the Department of Human Resources on June 8, 1983, and was informed of that decision on the same day.

■ Plaintiff contends the limitations period should not commence until his grievance proceedings were concluded with City Manager Denton's decision on September 14, 1983 to reaffirm. Plaintiff cites for support the case of *Culpepper v. Reynolds Metal Co.*, 421 F.2d 888 (5th Cir.1970). Plaintiff advances this contention despite two Supreme Court decisions since *Culpepper* which have held that the pendency of grievance or arbitration proceedings or other type of collateral review of an employ-

ment decision does not toll the running of the limitations period. *Delaware State College v. Ricks*, 449 U.S. at 261, 101 S.Ct. at 505; *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236, 97 S.Ct. 441, 447, 50 L.Ed.2d 427 (1976). *See also Alvidrez v. Tisch*, 684 F.Supp. 651, 655 (D.Kan. 1988). These decisions unquestionably require the limitations period in the case at bar to commence running on June 8, 1983.

## II. *Equitable Tolling*

■ The timely filing requirement of Title VII is vulnerable to the same defense of equitable tolling as a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. at 393–98, 102 S.Ct. at 1132–35; *Bullard v. Sercon Corp.*, 846 F.2d 463, 468 (7th Cir.1988). The Tenth Circuit has allowed the equitable tolling of Title VII time limitations "only where the circumstances of the case 'rise to the level of active deception which might invoke the powers of equity to toll the limitations period.'" *Gray v. Phillips Petroleum Co.*, 858 F.2d at 615 [quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir.1979)]. When a federal agency has lulled the complainant into inaction or when the complainant has been actively misled or prevented in an extraordinary way from asserting his or her rights, the Tenth Circuit has found active deception for purposes of equitable tolling. *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984); *see also Alvidrez v. Tisch*, 684 F.Supp. at 654. Other courts have recognized another circumstance for tolling where the complainant has asserted the same statutory claim mistakenly in the wrong forum. *Electrical Workers*, 429 U.S. at 238, 97 S.Ct. at 448. *See also Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3rd Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed. 2d 150 (1983). Courts have applied a uniformly narrow rule of equitable exceptions to Title VII limitations periods. *Earnhardt v. Com. of Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982).

Plaintiff argues equitable tolling is appropriate because of the erroneous advice

and mishandling by City Manager Denton, the Department of Labor and the Department of Health and Human Services. In explaining his argument, plaintiff refers to only two specific circumstances of erroneous advice and mishandling—the City Manager's reference to the Department of Labor and the Department of Labor's reference to the Department of Health and Human Services. The court believes neither circumstance warrants equitable tolling of the filing period.

At the time of both the City Manager's letter referring to the Department of Labor and the Department's subsequent decision of no jurisdiction, plaintiff was represented by an attorney. Courts have charged complainants with constructive notice of the relevant Title VII procedural requirements for filing an EEOC complaint when he or she has consulted with an attorney about the employment problems before and during the running of the limitations period. *Cano v. United States Postal Service,* 755 F.2d 221, 222 (1st Cir.1985) (and cases cited therein); *Bronze Shields, Inc. v. N.J. Dept of Serv.,* 667 F.2d 1074, 1085 (3rd Cir.1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). When a complainant has received legal advice, the courts have been disinclined to apply equitable tolling based upon the complainant's alleged ignorance of the law. *Meyer v. Riegel Products Corp.,* 720 F.2d 303, 306–307 (3rd Cir.1983), *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The fact of legal counsel has no bearing when the complainant seeks equitable tolling because of employer's deception or distortion of factual matters. *Id.* In the present case, plaintiff's argument for equitable tolling depends upon his ignorance of the law, particularly the procedural requirements of Title VII. Because plaintiff was represented by an attorney through all or most of those proceedings, the court sees no basis of equitable tolling because of the City Manager's reference to the Department of Labor. *See Kocian v. Getty Refining & Marketing Co.,* 707 F.2d at 755. The involvement of plaintiff's counsel in this case is more than the preliminary legal consultation in *Dartt v. Shell Oil Co.,*

539 F.2d 1256, 1261 n. 4 (10th Cir.1976), *aff'd,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), which was discounted as not affecting the complainant's tolling argument. In addition, plaintiff has not come forth with any evidence, affidavit or document, that the Department of Labor advised him to pursue his complaint with the Department of Health and Human Services. Plaintiff has not advanced any argument for equitable tolling because of the conduct of the EEOC.

Plaintiff's other apparent attempt at equitable tolling is his reference to the decision of *Dickerson v. United States Steel Corp.,* 439 F.Supp. 55, 68 (E.D.Pa. 1977), which held that the filing of a discrimination complaint with the Labor Department is the equitable equivalent of filing with the EEOC. *See Oliver v. State of Nev.,* 582 F.Supp. 142, 144 (D.Nev.1984) (limitations period equitably tolled from filing with the Department of Interior). *Contra Bledsoe v. Pilot Life Ins. Co., Inc.,* 473 F.Supp. 864, 866–67 (M.D.N.C.1978), *aff'd* 602 F.2d 652 (4th Cir.1979) (filing charge with the Wage and Hour Division of the Department of Labor does not satisfy EEOC filing requirement). In both *Dickerson* and *Oliver,* the complainants were *pro se* in pursuing their administrative remedies and acted upon their reasonable beliefs regarding the law. This fact encouraged the courts' application of equitable principles.

Plaintiff is unable to claim ignorance of the law because of his consultation with legal counsel. In addition, plaintiff's claims filed with the Department of Labor and the Department of Health and Human Services sought independent relief under other federal statutes besides Title VII. With the Department of Labor, plaintiff was pursuing independent relief under the regulation of the Department of Labor Comprehensive Employment and Training Act. With the Department of Health and Human Services, plaintiff pursued independent relief under Title VI of the Civil Rights Act of 1964, prohibiting racial discrimination under any program receiving or benefiting from federal financial assist-

ance. This is not an instance where equitable tolling should occur because a complainant has asserted the identical statutory claim, but in the wrong forum. *Electrical Workers,* 429 U.S. at 238, 97 S.Ct. at 448; *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2nd Cir.1978); *Valenta v. Moore Business Forms,* 596 F.Supp. 1280, 39 F.E.P. Cases 541, 548 (D.Vt.1984). Instead, plaintiff's other filings were simply efforts to obtain relief under separate and independent federal remedial schemes. For this reason, plaintiff's filing of claims with the Department of Labor or the Department of Health and Human Services did not equitably toll the limitations period on plaintiff's Title VII claims.

### III. *Termination of KCCR Proceedings*

■ Defendant City argues alternatively that the KCCR proceedings were not terminated within 300 days of the discriminatory event, relying on *EEOC v. Commercial Office Products Co.,* 803 F.2d 581 (10th Cir.1986). As previously noted, this decision was reversed by the Supreme Court last year. *EEOC v. Commercial Office Products Co.,* 486 U.S. ——, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). The Supreme Court held that a state agency's waiver of the 60–day deferral period pursuant to its worksharing agreement with the EEOC constitutes a termination of the agency's proceedings. at ——, 108 S.Ct. at 1669–1675, 100 L.Ed.2d at 104–111.

This court has noted the existence of a worksharing agreement between the KCCR and the EEOC which waives the KCCR's 60–day deferral rights and assigns to the EEOC for initial processing all charges initially filed with the EEOC. *Downum v. City of Wichita, Kan.,* 675 F.Supp. 1566, 1569 (D.Kan.1986). While neither party has provided the court with a copy of the worksharing agreement, the court would expect to find a similar waiver clause as that discussed in *Downum* and *Commercial Office Products.* Consequently, if the EEOC refers the charge to the KCCR pursuant to the worksharing agreement and states that the EEOC would initially process it, this amounts to the KCCR's waiver of the 60–day deferral period pursuant to the agreement. The KCCR's proceedings are, therefore, considered to be terminated.

### IV. *Requirements of an EEOC Charge*

■ Defendant has sustained its affirmative defense of showing that plaintiff has failed to file a timely, perfected EEOC charge. The only document filed with the EEOC within 300 days of June 8, 1983, was the unsworn "Discrimination Complaint Form" transferred to the EEOC by the Department of HHS. Yet, as the court previously remarked, the plaintiff admits that his charge was not perfected until he signed it under oath, and, more importantly, plaintiff takes the position that he must perfect his EEOC charge within the statutory time period required by Title VII. Plaintiff's citation to *Casavantes v. California State University, Sacramento,* 732 F.2d 1441 (9th Cir.1984), does not serve him, as plaintiff did not complete his questionnaire until well after the 300 days has passed. Plaintiff does not otherwise indicate how he believes *Casavantes* should be applied to the present case, and it is not the court's task to do so for the plaintiff. Defendant's motion for summary judgment is granted on the evidence and arguments presented to the court.

■ The court feels compelled to address briefly one additional issue raised in the *Casavantes* decision and the defendant's memorandum, but not advanced by plaintiff upon whose shoulders the issue rests. Does the unsworn and unverified "Discrimination Complaint Form" transferred to the EEOC constitute a "charge" under 42 U.S.C. § 2000e–5(b)? This statutory provision provides in part:

> Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.

Among the regulations established by the EEOC to administer and enforce Title VII, those particularly relevant include:

A charge shall be in writing and signed and shall be verified. 29 C.F.R. § 1601.9.

(a) Each charge should contain the following: (1) The full name, address and telephone number of the person making the charge ...; (2) The full name and address of the person against whom the charge is made, if known ...; (3) A clear and concise statement of the facts, including pertinent dates, constituting the unlawful employment practices ...;

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred. 29 C.F.R. § 1601.12.

The Ninth Circuit in *Casavantes* tolled the limitations period upon the filing of an unsigned and unverified intake questionnaire apparently treating it as a charge, notwithstanding its deficiencies which were cured by the later filing of formal charges. 732 F.2d at 1443. This court agrees with Judge Shadur that *Casavantes* is "another 'hard case' making 'bad law.'" *Proffit v. Keycom Electronic Pub.*, 625 F.Supp. 400, 403 (N.D.Ill.1986).

The provision of § 2000e–5(b) plainly and simply mandates that a charge be in writing and under oath. *EEOC v. Appalachian Power Co., Inc.*, 568 F.2d 354, 355 (4th Cir.1978). A charge that is not under oath or affirmation is "not a valid charge," and there is no "reason to ignore the plain language that Congress has enacted." *Id.*

Section 2000e–5(b) only allows the EEOC to prescribe by regulation the informational content and form of a sworn charge. *Proffit*, 625 F.Supp. at 403. Since administrative regulations cannot exceed their authorizing statute, the EEOC's allowance of a curative amendment regarding the oath requirement is without force. *See Greanias v. Sears, Roebuck and Co., Inc.*, 697 F.Supp. 1025, 1028 (N.D.Ill.1988); *Sparkman v. Combined Intern.*, 690 F.Supp. 723, 724 (N.D.Ill.1988). This court also believes the unambiguous statutory definition must be enforced regardless of its seemingly harsh results.

This court has reviewed the body of case law on the issue of the oath requirement for EEOC charges, and a division clearly exists. Those courts not enforcing the statutory oath requirement or permitting curative amendments include: *Casavantes*, 732 F.2d at 1443; *Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74 (5th Cir. 1982) (Treated the verification requirement as non-jurisdictional and subject to EEOC waiver); *Choate v. Caterpillar Tractor Company*, 402 F.2d 357, 360 (7th Cir.1968) ("If the Commission undertakes to process a charge which is not 'under oath,' we perceive no reason why the district court should not treat the omission of the oath as a permissive waiver by the Commission."); *EEOC v. Sears, Roebuck & Co.*, 504 F.Supp. 241, 256–57 (N.D.Ill.1980), *aff'd on other grounds*, 839 F.2d 302 (7th Cir.1988) ("We doubt that verification is, in fact, an absolute jurisdictional requirement...."); *EEOC v. Charleston JATC*, 34 FEP Cases 1007 (D.W.Va.1984) (Verification requirement satisfied by subsequent amendment.). A number of courts have construed and enforced the statutory oath requirement as mandatory. *Appalachian Power Co.*, 568 F.2d at 355; *Sparkman v. Combined Intern.*, 690 F.Supp. 723, 724 (N.D.Ill.1988); *Hamel v. Prudential Ins. Co.*, 640 F.Supp. 103, 105 (D.Mass.1986); *Proffit*, 625 F.Supp. at 403–404; *Mason v. Harris Trust & Savings Bank*, 46 FEP Cases 1310, 1312 (N.D.Ill.1987) [1987 WL 10567]. *See Greanias v. Sears, Roebuck and Co., Inc.*, 697 F.Supp. 1025, 1027–28 (N.D.Ill.

1988); *Buffington v. General Time Corp.,* 677 F.Supp. 1186, 1192–93 (M.D.Ca.1988); *Gutierrez v. Boeing Co.,* 34 FEP Cases 1666 (D.Kan.1982). Some courts have taken yet another approach relying primarily on how the EEOC perceived and treated the documents alleged to be a charge. *U.S. EEOC v. Calumet Photographic, Inc.,* 687 F.Supp. 1249, 1251–52 (N.D.Ill. 1988); *Bennett v. Russ Barrie & Co.,* 32 FEP Cases 225, 226–27 (N.D.Ind.1983).

This court believes the legal reasoning of those decisions treating the oath requirement as directory in nature and subject to EEOC waiver is flawed. Besides its plain mandatory language, § 2000e–5(b) has been held by the Supreme Court to create requirements that are a "jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC." *EEOC v. Shell Oil Co.,* 466 U.S. at 65, 104 S.Ct. at 1629 (footnotes omitted). The EEOC's belief as to timeliness or satisfaction of statutory requirements is not determinative. See *Kocian,* 707 F.2d at 754 n. 9. Any attempt to minimize the importance of the oath requirement ignores the gravity of a perjury conviction. *Hamel,* 640 F.Supp. at 105. Finally, if the verification or oath requirement is to serve its purpose of protecting the employer from frivolous claims, *Price,* 687 F.2d at 77, the requirement must be consistently enforced and its violation have consequential weight. For these reasons, the court would have found that plaintiff's unsworn "Discrimination Complaint Form" was not a valid charge under 42 U.S.C. § 2000e–5(b). But as previously stated, plaintiff has not advanced that argument.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted.