Kim SPARKMAN, Plaintiff,

v.

COMBINED INTERNATIONAL, now
known as Aon Corporation,
Defendant.

No. 87 C 7895.

United States District Court,
N.D. Illinois, E.D.

Aug. 5, 1988.

Daniel A. Edelman, James C. Spoeri, Jeffrey M. Cohen, Law Offices of Daniel A. Edelman, Chicago, Ill., for plaintiff.

William L. Kabaker, Epton, Mullin & Druth, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff claims that defendant, her employer, discriminatorily discharged her from her job. Defendant has filed a motion to dismiss, claiming that plaintiff did not timely file her charge of discrimination. For the reasons stated herein, this court grants defendant's motion to dismiss.

## I. FACTS

In August 1984, Kim Sparkman started working for Combined Insurance Company of America, a wholly-owned subsidiary of Combined International (now known as Aon Corporation). Sparkman went on maternity leave in May 1985. On August 8, 1985, one month after Sparkman returned from maternity leave, company officials informed her that she had been terminated from her position with the company.

On May 30, 1986, 295 days after her discharge, Sparkman filled out an intake questionnaire for the Equal Employment Opportunity Commission (EEOC). In her responses to the questionnaire, she claimed that her employer had dismissed her because of her race and sex. She also submitted a handwritten note indicating that she wished to file a charge based on her allegations of discrimination. Pursuant to the work-sharing agreement between the state and federal agencies, the EEOC submitted a copy of Sparkman's questionnaire to the Illinois Department of Human Rights on June 6, 1986, indicating that a charge had been initiated with the EEOC. In fact, Sparkman did not file an official charge of discrimination with the EEOC until August 21, 1986, 378 days after the alleged discriminatory act took place.

On July 30, 1987, the EEOC terminated its processing of Sparkman's charge and issued a right-to-sue letter to Sparkman. She then filed a Title VII action against Combined International on September 10, 1987.

## II. DISCUSSION

Sparkman's claim arose in Illinois, a state that has established its own agency to remedy discrimination claims. Consequently, to comply with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (1982), Sparkman had to file her discrimination charge with the EEOC within 300 days after the alleged discrimi-

**724**

natory act.[1] If Sparkman did not file a timely charge of discrimination, she cannot now bring suit under Title VII. *See Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348, 350 (7th Cir.1985).

Sparkman did not file a formal charge with the EEOC until August 21, 1986, 78 days after the statutory period had run its course. Nonetheless, Sparkman contends that she acted within the statute of limitations by filing her intake questionnaire before the 300–day period expired. To assess the validity of this argument, this court must determine whether an intake questionnaire amounts to a formal charge. Two courts that have previously confronted this issue have reached opposite conclusions. *Compare Casavantes v. California State University, Sacramento*, 732 F.2d 1441 (9th Cir.1984) (equating an EEOC questionnaire with a charge of discrimination) *with Proffit v. Keycom Electronic Publishing*, 625 F.Supp. 400 (N.D.Ill.1985) (rejecting the argument that a questionnaire constitutes a sufficient charge). This court finds the reasoning of the latter case more persuasive. As the *Proffit* court noted, Title VII mandates that "[c]harges shall be in writing *under oath or affirmation* ..." *Proffit*, 625 F.Supp. at 403 (quoting 42 U.S.C. § 2000e–5(b)) (emphasis added). Because a complainant who files an EEOC intake questionnaire does not sign such a document under oath, the questionnaire does not qualify as a charge under Title VII. *Id.* Similarly, the handwritten note that Sparkman submitted with her questionnaire does not constitute a formal charge because the note, like the questionnaire, was not signed under oath. Therefore, although Sparkman submitted a questionnaire to the EEOC within the 300–day period, she failed to file a formal charge before the statute of limitations ran. For this reason, this court must grant Combined International's motion to dismiss.

Admittedly, this is a harsh result, particularly because the EEOC led Sparkman to believe that she had in fact filed a charge when she submitted her questionnaire. Nonetheless, the court feels compelled to abide by "the fundamental principle that implementing regulations or administrative procedures cannot override their authorizing statute.... [I]rrespective of EEOC's administrative view of the Intake Questionnaire, it does not satisfy the controlling statutory definition." *Id.* Even while dismissing Sparkman's complaint, however, the court remains disturbed by the EEOC's inept handling of Sparkman's claim. At the time Sparkman submitted her questionnaire, EEOC officials should have informed her that she needed to file a charge immediately in order to preserve her rights. Instead, the agency's employees misled Sparkman into thinking that she had already filed a timely charge. The EEOC's conduct in this case demonstrates an alarming ignorance of the basic procedures under Title VII. Hopefully, in the future, the propagation of misinformation by the EEOC will cease. Until that time, the misrepresentations of EEOC officials create the risk that legitimate charges of discrimination will become fatally entangled in a thicket of bureaucratic bungling.

### III. CONCLUSION

For the foregoing reasons, this court hereby grants Combined International's motion to dismiss.

IT IS SO ORDERED.

---

1. In states that have not established their own antidiscrimination agencies, plaintiffs must file discrimination charges with the EEOC within 180 days after the alleged discrimination occurred. 42 U.S.C. § 2000e–5(e).