929 F.2d 321
 55 Fair Empl.Prac.Cas. 867,
56 Empl. Prac. Dec. P 40,674
Ann PHILBIN, Plaintiff-Appellant,
v.
GENERAL ELECTRIC CAPITAL AUTO LEASE, INCORPORATED, formerly
known as General Electric Credit Auto Lease, and Jerome
Burd, individually and as an agent for and on Behalf of
General Electric Capital Auto Lease, Incorporated,
Defendants-Appellees.
 No. 90-2945.
 United States Court of Appeals,
Seventh Circuit.
 Argued March 5, 1991.
Decided April 5, 1991.
 
 Dorothy J. Eng, Ronald A. Orner, Norton Wasserman, Mary A. Mazurk, Orner & Wasserman, Chicago, Ill., for plaintiff-appellant.
 Robert J. Mignin, Ellen E. McLaughlin, Kathleen M. Paravola, Frederick T. Smith, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants-appellees.
 Gwendolyn Young Reams, Vincent Blackwood, Lamont N. White, Donald R. Livingston, E.E.O.C., Washington, D.C., E.E.O.C., Amicus curiae.
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ann Philbin filed an action alleging that her employer, General Electric Credit Auto Lease, discriminated against her in violation of Title VII. The district court held that Philbin failed to file the charge with the EEOC within the 300-day period required by statute, and therefore could not proceed with her Title VII claim in district court. The issue on appeal is whether the Intake Questionnaire filled out by Philbin within that 300-day period, in the circumstances of this case, should satisfy the statutory requirement.
 
 
 2
 * The relevant facts are as follows. Ms. Philbin resigned from her job on August 5, 1988, and submitted a written and signed Intake Questionnaire to the EEOC on April 24, 1989--within the statutory time limit for the filing of a charge. The questionnaire was not signed under oath or affirmation. At that time, she also signed a note indicating that she wished to file a sex discrimination charge. The EEOC assigned a charge number to the claim, and mailed a Notice of Charge of Discrimination to Philbin's employer. Using the information in the Intake Questionnaire, the EEOC drafted a formal charge. That charge was sent to Philbin on June 6, 1990, and she was instructed to sign and return it within 30 days. Philbin complied with those instructions, and a copy of the formal charge was sent to her employer. On November 30, 1989, the EEOC issued a right to sue letter to Philbin.
 
 
 3
 The district court dismissed Philbin's subsequent Title VII action because Philbin had failed to file a verified charge with the EEOC within the 300-day limitations period. The court held that the Intake Questionnaire did not constitute a charge because it was not signed under oath or affirmation, and the statute requires that charges be verified in that manner. Since the charge was filed after the 300-day time period, the court dismissed the action.
 
 II
 
 4
 As was stated, the central issue in this case is whether the timely Intake Questionnaire in conjunction with the subsequently-filed charge satisfied the statutory time bar for Title VII claims.[1] A number of other circuits have addressed the issue, and all have found that the timely-filed Intake Questionnaire which is subsequently verified satisfies the statutory requirement that the charge be under oath or affirmation. On the other hand, some district court decisions in this circuit have explicitly rejected the reasoning employed by those circuits, and have held that the charge is untimely.
 
 
 5
 The debate centers around the difference between 42 U.S.C. Sec. 2000e-5(b) and a regulation promulgated pursuant to that statute, 29 C.F.R. Sec. 1601.12(b). Section 2000e-5(b) provides, in relevant part, that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." This statute has been interpreted by a number of district courts in this circuit as mandating that the charge be in writing and under oath, and only according discretion to the EEOC to determine the content and form of the charge. See e.g. Sparkman v. Combined Intl., 690 F.Supp. 723 (N.D.Ill.1988); Proffit v. Keycom Electronic Publishing, 625 F.Supp. 400 (N.D.Ill.1985), overruled on other grounds, Gilardi v. Schroeder, 833 F.2d 1226 (7th Cir.1987). The EEOC in 29 C.F.R. Sec. 1601.12(a) defined the contents of the charge, as provided for in the statute.[2] No one disputes that the Intake Questionnaire in this case satisfied those requirements. In Sec. 1601.12(b), however, the EEOC then stated that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge.... Such amendments ... will relate back to the date the charge was first received." 29 C.F.R. Sec. 1601.12(b). The district court decisions hold that the statute requires that a complaint be in writing and under oath or affirmation before it can be considered a charge for purposes of Title VII. Therefore, those courts have held that the EEOC is exceeding the authority of the statute in allowing a written statement to constitute a charge for purposes of the time bar before the statement is verified by oath or affirmation. The circuit courts of appeals that have addressed the issue hold that the EEOC has the power to decide that a subsequent verification of a written statement relates back to the date of the initial filing and satisfies the statutory requirement. See e.g. Peterson v. City of Wichita, Kansas, 888 F.2d 1307 (10th Cir.1989); Price v. Southwestern Bell Telephone Co., 687 F.2d 74, 77-78 n. 3 (5th Cir.1982); Casavantes v. California State University, Sacramento, 732 F.2d 1441 (9th Cir.1984). We find the reasoning of the circuit courts of appeals persuasive, and hold that an intake questionnaire which is later verified may be sufficient to constitute a charge in some circumstances.
 
 
 6
 First, Title VII is remedial legislation which must be construed liberally. Peterson, 888 F.2d at 1309. In accordance with this principle, courts should avoid technical interpretations of its procedural provisions which would defeat those remedial purposes. Casavantes, 732 F.2d at 1442; Price, 687 F.2d at 77-78 n. 3; Waiters v. Robert Bosch Corp., 683 F.2d 89, 92 (4th Cir.1982) (failure to include employer's address in affidavit was technical defect which did not affect the timeliness of the charge). In Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968), we discussed the validity of a charge which had not been signed under oath as required by the statute, and held that the verification requirement related solely to the administrative rather than the judicial features of the statute. 402 F.2d at 359. We then stated that "the provision is directory and technical rather than mandatory and substantive." 402 F.2d at 359. That conclusion has been echoed in a number of more recent cases from other circuits. See Peterson, 888 F.2d at 1308-09; Price, 687 F.2d at 77-79; Casavantes, 732 F.2d at 1442. In keeping with the broad purposes of the act, the omission of technical requirements which are later fulfilled should not affect the timeliness or validity of the charge.
 
 
 7
 A second relevant factor is the deference accorded EEOC regulations. In Gilardi v. Schroeder, 833 F.2d 1226, 1232 (7th Cir.1987), we noted that "[t]his Court is bound to give substantial weight to the EEOC's interpretation of the statute that it administers." That mandate was stressed by the Supreme Court in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); see also Peterson, 888 F.2d at 1309; Price, 687 F.2d at 78-79 (EEOC's treatment relevant in determining whether statement constitutes a charge). Applying that principle, the EEOC's regulation allowing a subsequent verification to relate back to the date of the initial filing must be upheld if it constitutes a reasonable interpretation of the statute. While the statute does require that a complainant verify a charge, the statute does not require that the verification take place prior to the expiration of the 300-day time period. The EEOC's interpretation of the statute as allowing technical amendments to relate back to the date of filing is not unreasonable. Moreover, as this court noted in Choate, the classification of the verification requirement as a technical rather than substantive provision is similarly reasonable. Therefore, we should give deference to the EEOC's interpretation and allow the subsequent verification to relate back to the date of filing.
 
 
 8
 Recognition that the regulation was within the authority of the EEOC does not mean that every intake questionnaire which is subsequently verified will constitute a charge. In this case, however, other factors were present which fulfilled the purpose of the charge requirement. First, the Intake Questionnaire was treated as a charge by Philbin and the EEOC. When Philbin filed the Intake Questionnaire, she signed a note indicating that she wished to file a sex discrimination charge. The EEOC accepted the questionnaire and note and assigned a charge number to the claim. Second, the EEOC then notified Philbin's employer that a charge had been filed against it. The Intake Questionnaire thus provided notice of a charge to the employer within the 300-day time period, and fulfilled one of the primary purposes of the charge and timeliness requirements. Finally, the Intake Questionnaire was signed by Philbin, although it was not under oath or affirmation. That signing nevertheless provided an affirmation by Philbin of the allegations in the questionnaire. Those factors, in conjunction with the subsequent verification of the formal charge, fulfilled the purposes of the charge requirement and complied with the statutory requirement that the charge be in writing and under oath.
 
 
 9
 Our recent discussion of the Age Discrimination in Employment Act (ADEA), in Steffen v. Meridian Life Ins. Co., 859 F.2d 534 (7th Cir.1988), is analogous to the present case. In Steffen, we held that an intake questionnaire submitted within the time limitation could constitute a charge under the circumstances of that case. The intake questionnaire contained all the information necessary to constitute a charge, but we stated that not all intake questionnaires could be considered charges because such an interpretation (1) would render meaningless the EEOC's distinction between the two and (2) would defeat the purpose of a charge as providing notice and initiating the EEOC's investigation of the complaint. 859 F.2d at 542. Nevertheless, we held that the intake questionnaire in that case constituted a charge for purposes of the timeliness requirement. We emphasized that the ADEA is remedial legislation which should not be interpreted in a hypertechnical manner, that the information contained in the intake questionnaire was sufficient to constitute a charge, and that the plaintiff made it clear that he intended to activate the Act's machinery with the filing of the intake questionnaire. 859 F.2d at 544. The EEOC in that case had informed the plaintiff that the questionnaire would be treated as a charge, but they failed to treat it as such. We held that the EEOC's inaction should not bar an ADEA suit. 859 F.2d at 544.
 
 
 10
 Steffen supports a determination in this case that the Intake Questionnaire was sufficient. As in Steffen, the preclusion of a non-frivolous Title VII action because of failure to comply with a procedural requirement would constitute an overly-technical interpretation of the statute. Moreover, the plaintiff in this case also intended to activate the investigative process with the filing of the Intake Questionnaire, and the information contained in the questionnaire was sufficient to meet the requirements for a charge. Philbin was instructed by the EEOC to fill out the Intake Questionnaire in order to initiate her action with that body. The EEOC then used the information provided in that questionnaire in order to fill out a formal charge. The charge was then sent to Philbin who was ordered to sign the charge and return it to the EEOC within 30 days. Philbin complied with all of those instructions. The problem in this case arose because the EEOC did not send the formal charge to her in enough time for her to return it within the 300-day time period. Because the signature on the formal charge fulfills the oath requirement of the statute, the district court held that the verification came too late and that the case was untimely.
 
 
 11
 As in Steffen, however, the EEOC's inaction in completing and forwarding the formal charge in a timely fashion should not bar the plaintiff from proceeding on her Title VII claim. A contrary interpretation would effectively reduce the time period allowed by statute for the filing of Title VII claims, because a potential plaintiff would be forced to file a complaint very early in order to ensure that the formal charge would be prepared and signed within the 300 days. Finally, in Steffen the EEOC promised to treat the questionnaire as a charge but failed to do so; in this case, however, the EEOC did treat the questionnaire as a charge, and the employer was notified of the existence of the charge. Therefore, this case does not present any problems with notice or the activation of the Act's machinery. The concern with weeding out non-frivolous claims was adequately met by Philbin's prompt signature of the formal charge once it was forwarded to her.
 
 
 12
 The decision of the district court is reversed and the case remanded for further proceedings.
 
 
 
 [1]
 Appellee contends that Philbin waived her argument concerning the Intake Questionnaire. The record reveals, however, that the district court discussed the issue of whether the Intake Questionnaire could satisfy the charge-filing requirement. Moreover, the district court relied on Sparkman v. Combined Intl., 690 F.Supp. 723 (N.D.Ill.1988), in rejecting Philbin's claim. Sparkman analyzes the split in law between the circuit courts of appeals and the district courts of this circuit. Therefore, the district court was fully aware of the debate in this area and elected to follow the other district courts in this circuit. The issue accordingly was not waived
 
 
 [2]
 In Sec. 1601.12(b), the EEOC relaxed the requirements by declaring that notwithstanding Sec. 1601.12(a) a charge was sufficient if it was a written statement precise enough to identify the parties and generally describe the complained of practices