105 F.3d 665
 9 NDLR P 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sally MUNNS, Plaintiff-Appellant,
v.
RAYTHEON SERVICES NEVADA, INC., a Delaware corporation;
John Does 1 through XX, inclusive, Roe
Corporations 1 through XX, inclusive,
Defendant-Appellee.
 No. 95-16312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Jan. 6, 1997.
 
 Before: HUG, Chief Judge, REAVELY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sally Munns appeals the district court's order granting Raytheon Services' motion for summary judgment and dismissing Munns' federal claims for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and disability discrimination in violation of the Americans with Disabilities Act (ADA). The district court found that Munns' failure to timely file her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) barred her action in federal court.
 
 
 3
 In order to assert a cause of action for employment discrimination under Title VII, an individual must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). However, should the aggrieved person initially institute proceedings with a state or local agency with the power to grant or seek relief from such an unlawful employment practice, the individual has 300 days from the date of the alleged violation to file a charge with the EEOC. Id. Should the individual initially file a charge with a state agency, there is a mandatory 60-day deferral period during which the state has exclusive jurisdiction over the claim. 42 U.S.C. § 2000e-5(c); 29 C.F.R. § 1601.13. Title VII's filing requirement applies to claims under the ADA as well. 42 U.S.C. § 12117(a). This filing requirement acts as a limitations period and failure to file a charge with the EEOC within the prescribed time period bars subsequent action in federal court. Delaware State College v. Ricks, 449 U.S. 250, 256 (1980).
 
 
 4
 Section 233.160(1)(b) of the Nevada Revised Statutes mandates that an aggrieved individual must file a complaint with the Nevada Equal Rights Commission (NERC) within 180 days of the alleged unlawful employment practice. Regardless, the extended 300-day federal filing period is still available even if the complainant fails to comply with the State's filing requirements so long as a charge was filed with the state or local agency within 240 days of the occurrence, thus allowing for the 60-day deferral period. E.E.O.C. v. Commercial Office Products Co., 486 U.S. 107, 123-24 (1988).
 
 
 5
 On May 21, 1992, Raytheon notified Sally Munns of her termination as part of a large scale reduction in force. This was Munns' last day of work. Munns initially contacted the NERC on November 19, 1992, 182 days after her termination. On March 16, 1993, 299 days after her termination, Munns filed charges of discrimination against Raytheon with both the NERC and the EEOC. The NERC ended its investigation on May 3, 1994.
 
 
 6
 Munns failed to comply with either the state or federal filing deadlines. For purposes of the filing requirements in discrimination claims, where unequivocal notice of termination and the employee's last day of work coincide, the alleged unlawful practice is deemed to have occurred on that date, notwithstanding the continued receipt of certain employee benefits. Naton v. Bank of California, 649 F.2d 691, 695 (9th Cir.1981). The applicable limitations periods began to run on May 21, 1992, the date Munns was notified of her termination and ceased working. It is irrelevant that, for administrative purposes, Munns remained on the payroll through June 4, 1992, the end of the pay period.
 
 
 7
 Munns contends that the limitations period was not triggered until May 26, 1992, the date she discovered that she had been replaced by a young male without disabilities. Notwithstanding Naton, the commencement of the filing period may be delayed in certain instances until a complainant learns or could reasonably be expected to learn of the discriminatory act. This court has held that "[t]he time period for filing a complaint of discrimination begins to run when the facts that would suggest a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985) (citing Bickman v. Miller, 584 F.2d 736, 738 (5th Cir.1978)).
 
 
 8
 Contrary to Munns' assertion, she was not "replaced" by a young male without disabilities. After Munns was terminated, a temporary, contract employee took over her duties for a limited period of time. This individual was terminated at the end of his contract, eight weeks after Munns' departure. The summary judgment evidence established that Munns knew of the employee's temporary status at the time of her termination and, in fact, trained him prior to her departure. As the district court noted in its order, "it is neither unusual nor illegal for a company in the midst of a large-scale reduction in force, as Raytheon was, to move temporary employees into different positions during a restructuring." Raytheon did not hire a younger, disability-free male employee to replace Munns; rather, it just shifted a temporary employee into her position for a short period of time during the transition. As unlikely as it would be that discrimination was suggested by this contract employee temporarily doing her job, potential discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for her rights at the time Munns was terminated.
 
 
 9
 Munns first contacted the NERC 182 days after the alleged adverse employment action, thus making her complaint untimely under Nevada law. More importantly, Munns did not file a valid charge of discrimination with the NERC until March 16, 1993, 299 days after the alleged unlawful practice. Because Munns failed to file a charge with the applicable state agency within 240 days, her EEOC charge was untimely under federal law.
 
 
 10
 Munns claims that her visit to the NERC on November 19, 1992 resulted in the filing of a valid charge. If this were the case, although her charge would still be untimely under Nevada law, Munns would be able to pursue her federal remedies since November 19th was within 240 days of the alleged violation and the EEOC charge was filed within 300 days. However, Munns' initial contact with the NERC did not constitute a valid charge for purposes of Title VII analysis.
 
 
 11
 On November 19, 1992, Munns allegedly drafted a handwritten note setting forth the basis of her claim, although no such note was ever presented to the district court. Munns admits that she never signed the note. Title 42 U.S.C. § 2000e-5(b) mandates that charges are to be "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." These requirements are not absolute and, in certain circumstances, discrimination complaints may be valid even though they do not meet all the statutory or regulatory requirements. Despite the liberality to be applied to the procedural requirements of discrimination charges, this court declines to find that an unsigned, handwritten note that was not subsequently verified by the agency and never produced to the district court constitutes a valid charge. See Sanders v. Culinary Workers Union Local No. 226, 804 F.Supp. 86 (D.Nev.1992), aff'd, Sanders v. Ogden Allied Leisure Services, Inc., 5 F.3d 539 (9th Cir.1993) (holding that an intake form did not constitute a valid charge where there was no signature, no subsequent verification and no notification to the defendant until after the limitations period had expired); Philbin v. General Electric Capital Auto Lease, Inc., 929 F.2d 321, 324 (7th Cir.1991).
 
 
 12
 In the present case, Munns never signed the handwritten note, there was no effort to subsequently verify or amend the complaint, and Raytheon did not receive notice of the claim until June 25, 1993, some 400 days after the alleged unlawful employment practice. Munns' initial contact with the NERC did not result in the filing of a valid charge.
 
 
 13
 Munns asserts that her discrimination claims should be equitably tolled. In Irwin v. Dep't. of Veteran's Affairs, 498 U.S. 89 (1990), the Supreme Court stated:
 
 
 14
 Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.
 
 
 15
 Id. at 96.
 
 
 16
 Munns did not actively preserve her rights, as is evident by the fact that she failed to contact the NERC within 180 days or file a valid charge within 240 days. An individual who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984).
 
 
 17
 After dismissing Munns' federal claims, the district court declined to exercise its supplemental jurisdiction and dismissed Munns' state law claims. The district court's judgment failed to state that the state law claims were dismissed without prejudice. We therefore modify the judgment to dismiss the state law claims without prejudice.
 
 
 18
 AFFIRMED AS MODIFIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3