116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George W. PARKER, Plaintiff-Appellant,
v.
CITY of Chicago, a municipal corporation, Defendant-Appellee.
 No. 96-1485.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997*
Decided June 13, 1997.
 
 Before RICHARD A. POSNER, Chief Judge, FRANK H. EASTERBROOK, DANIEL A. MANION, Circuit Judges.
 
 COAR
 ORDER
 
 1
 George Parker, formerly an Assistant Chief Operating Engineer (ACOE) with the City of Chicago, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., for discrimination on the basis of race and age.
 
 
 2
 Parker, who was born December 28, 1935, is African-American. He was hired by the City in 1966, but his claims result from two 1991 personnel decisions. First, in February 1991 the City declined to promote Parker to the position of Chief Operating Engineer (COE). Instead, two other applicants, both white males, were selected as COEs.[1] Then in December the City implemented a reduction-in-force. The Department of General Services, where Parker had been assigned since 1988, eliminated the positions of its ten ACOEs effective January 1, 1992. The ACOEs whose positions were eliminated were transferred to ACOE positions in other City departments, including the Department of Aviation, the Department of Water. and the Police Department. Parker was transferred to the Department of Aviation and assigned to work a swing shift at O'Hare Airport.
 
 
 3
 On February 27, 1992, Parker filed a complaint with the Equal Opportunity Employment Commission (EEOC) and the Illinois Department of Human Rights, alleging that he had been denied promotion and disadvantageously transferred on account of his race and his age. On September 28, 1993, the EEOC issued Parker a right-to-sue letter, and on December 28, Parker filed a complaint alleging race and age discrimination with respect to each of the personnel actions. The district court dismissed as untimely the ADEA claim regarding the failure to promote and granted summary judgment to defendants on the three remaining claims. Parker appeals.
 
 I. February 1991 Failure to Promote
 A. Age Discrimination
 
 4
 The district court dismissed Parker's ADEA claim for failure to file within the statutory limitations period. Prior to November 21, 1991, the effective date of the Civil Rights Act of 1991, ADEA claims had to be filed in the district court within two years of their occurrence, or within three years if the employer's conduct were willful. 29 U.S.C. § 626(e)(1) (1985). Parker's claim is governed by this pre-Act standard because the Civil Rights Act of 1991 does not apply retroactively and does not cover conduct that occurred before its effective date. Landgraf v. USI Film Products, 511 U.S. 244, 286 (1994); Rivers v. Roadway Express, Inc., 511 U.S. 298, 313 (1994). Parker had knowledge of his non-selection for the COE positions as of February 25, 1991, when he and his supervisor discussed his filing a grievance about the issue. His claim was filed December 28, 1993, well over two years later, and consequently it was untimely.
 
 
 5
 Parker submits two reasons why the two-year limitations period should not be applied to bar his claim: 1) the City engaged in a continuous pattern of discrimination that continued into the limitations period, see Chambers v. American Trans Air, Inc., 17 F.3d 998, 1003 (7th Cir.1994), and 2) the City's action was willful, so that the three-year limitations period is applicable. The district court correctly rejected these arguments, given that nothing presented by Parker supported an inference of either a series of discriminatory actions, rather than the two separate occurrences alleged, or that the City had knowledge that or a reckless disregard as to whether its decision was prohibited by the ADEA, as required for establishing a willful violation, Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29 (1985). Further, we note that Parker failed to file a charge with the EEOC within 300 days of learning that he had been denied the promotion, as the ADEA requires. 29 U.S.C. § 626(d)(2); Hamilton v. Komatsu Dresser Indus., Inc., 964 F.2d 600, 603 (7th Cir.1992). Accordingly, the claim would be barred even if we applied the three-year limitations period.
 
 B. Race Discrimination
 
 6
 Defendants were granted summary judgment on Parker's race discrimination claim based on Parker's failure to file an EEOC charge within 300 days of learning that he had been denied the promotion, as mandated by Title VII in a "deferral state" such as Illinois. See 42 U.S.C. § 2000e-5(e)(1); Philbin v. General Electric Capital Auto Lease, Inc., 929 F.2d 321, 322 (7th Cir.1991). As stated above, Parker knew by February 25, 1991 that he had not been selected for the vacant COE positions. He filed his EEOC charge February 27, 1992, just over a year later, and thus the claim is untimely.
 
 II. December 1991 Transfer
 
 7
 Parker complains that he was discriminatorily transferred to the Department of Aviation, causing him to travel in excess of thirty-five miles to work at O'Hare Airport and to work a swing shift. By comparison, he alleges, younger white male workers were assigned to jobs nearer their homes and were assigned to day shifts. Further, he states, he was discriminatorily denied his contractual rights to "bump" less senior workers from their jobs.
 
 
 8
 The contract negotiated by Parker's union and the City provides that employees who are laid off may exercise "bumping rights" and displace the least senior employee in the most recent lower job title held by the laid-off employee. Parker contends that he should have been afforded an opportunity to exercise this bumping right. It is uncontroverted, however, that Parker was not laid off during the reduction-in-force. Rather, he was transferred. Thus, the "bumping rights" clause never entered into effect. None of the ten ACOEs whose Department of General Services positions were eliminated were offered or allowed to use any bumping rights. Consequently, Parker can make no showing of discrimination on this basis. He also fails to point to any evidence controverting the City's assertions that the transferred ACOEs were placed without regard to age. race, or home address, and thus the judgment of the district court is
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 These facts are taken from the district court's memorandum opinion and the parties' statements of facts. Both appellant's opening brief and appellee's brief state that Parker was notified that he was not selected for promotion by letter dated February 14, 1991, as does the district court's opinion. Parker's EEOC complaint, on the contrary, alleged a failure to promote in June 1991. Apparently the EEOC interpreted this as a complaint about the February incident, since the statements given in its response correlate to the series of events beginning with job announcements in December 1990 and culminating with the promotion of Ftikas and Augle in February 1991. In his reply brief on appeal, however, Parker alleges that he was not promoted in both February and June 1991, an allegation we consider waived because it was not presented in Parker's opening brief. Wilson v. O'Leary, 895 F.2d 378, 384 (7th Cir.1990). In addition, the district court found unsupported any allegations about a June failure to promote. Finally, Parker alleges on appeal that he was again rejected for promotion by letter dated December 11, 1992. This contention was never presented to the EEOC and so may not form part of Parker's discrimination suit. Chambers v. American Trans Air, Inc., 17 F.3d 998, 1003 (7th Cir.1994)