**Elise Nicole BERRY, Plaintiff,**

v.

**DELTA AIR LINES, INC. and Argenbright Security, Inc., Defendants.**

**No. 99 C 5770.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 1, 1999.

Ernest Thomas Rossiello, Sheni Hajat, Ernest T. Rossiello & Associates, P.C., Chicago, IL, for Elise Nicole Berry, plaintiff.

Max G. Brittain, Jr., Wendy Lynne Nutt, Schiff, Hardin & Waite, Chicago, IL, for Delta Airlines, Inc., defendant.

Robert E. Arroyo, Kristen Emma Poplar, Jackson, Lewis, Schnitzler & Krupman, Chicago, IL, for Argenbright Security, Inc., defendant.

### MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Thanks to a regulation promulgated by the EEOC, Elise Berry did not have to wait six months to sue her employer for discrimination. Defendant Argenbright Security believes this regulation violates Title VII's statutory scheme of administrative enforcement and moves to dismiss the case. Because the regulation is a reasonable interpretation of an ambiguous statutory provision, it is not invalid and I deny the motion to dismiss.

A plaintiff in an employment discrimination case, the "person aggrieved," must satisfy certain procedural requirements in order to get into federal court. First, the party must file a charge with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e–5(e)(1). At issue here is the following requirement:

> If a charge filed with the Commission ... is dismissed by the Commission, or if *within one hundred and eighty days* from the filing of the charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission ... shall so notify the person aggrieved....* 42 U.S.C. § 2000e–5(f)(1) (emphasis added).

Only after receiving this notice from the EEOC may the plaintiff bring a private action (the "right-to-sue" letter). *Id.*

The EEOC sent Elise Berry her right-to-sue letter in 26 days, well within 180 days. Acting pursuant to 29 C.F.R. § 1601.28(a)(2), the Commission issued the letter early because it determined that it would be unable to complete the administrative processing of the charge in less than 180 days. Defendant Argenbright Security argues that Title VII requires the EEOC to spend a minimum of 180 days investigating each charge of employment discrimination before issuing a right-to-sue letter. Therefore, Argenbright argues, this early-letter regulation violates the statute and is invalid.

The Court of Appeals for the District of Columbia recently adopted this view and mandated the dismissal of a complaint filed before 180 days had elapsed. *Martini v. Federal National Mortgage Association,* 178 F.3d 1336 (D.C.Cir.1999).[1] Although the ruling is not binding here, Argenbright urges me to follow its reasoning. In reviewing the EEOC's regulation, I must employ the familiar *Chevron* two-step. First, if the intent of Congress is clear, and the regulation is contrary to that clear intent, the regulation is invalid. *Chevron U.S.A., Inc. v. Natural Resources*

---

1. The Ninth and Eleventh Circuits have upheld the regulation. *Brown v. Puget Sound Electrical Apprenticeship & Training Trust,* 732 F.2d 726 (9th Cir.1984); *Sims v. Trus Joist MacMillan,* 22 F.3d 1059 (11th Cir. 1994). The Seventh Circuit has not ruled on this issue.

*Defense Council,* 467 U.S. 837, 842–3, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If however, the intent of Congress is ambiguous, the regulation is valid so long as it is reasonable; *i.e.,* the agency's regulation is entitled to substantial deference. *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782; *Philbin v. General Electric Capital Auto Lease, Inc.,* 929 F.2d 321, 324 (7th Cir. 1991) (applying *Chevron* deference to Title VII EEOC regulation). In *Martini,* the court believed the regulation failed at the first step of *Chevron. Martini,* 178 F.3d at 1342.

The Congressional intent is not as clear as *Martini* suggests. The question is whether Congress unambiguously intended to set a minimum waiting period of 180 days. As the *Martini* court noted, "nothing in section 2000e–5(f)(1)'s language forecloses [the plaintiff's] view that the 180–day provision is simply a maximum, not minimum, waiting period for complainants seeking access to federal court." *Martini,* 178 F.3d at 1344. The statute only says that if the EEOC has not acted in 180 days, it must issue a right-to-sue letter; it does not expressly make agency inaction for six months a condition precedent to the issuance of all right-to-sue letters. The text of the statute is ambiguous.

Contrary to Argenbright's suggestion, 42 U.S.C. § 2000e–5(b) does not resolve this ambiguity. That provision requires the EEOC to "make an investigation" whenever a charge is filed. 42 U.S.C. § 2000e–5(b). In *Martini,* the court held that this mandatory duty to investigate is a clear expression of Congressional intent that cannot be reconciled with an early termination of EEOC proceedings. *Martini,* 178 F.3d at 1346. I disagree. While it is clear that the EEOC must investigate, it is not clear that it must spend at least 180 days to do so. That is the question here. Nothing in 42 U.S.C. § 2000e–5(b) suggests that Congress wanted to dictate

the duration of every investigation to the EEOC.[2]

The legislative history cited in *Martini* does not establish a clear Congressional intent to establish a 180–day minimum investigation period. Arguments made with rhetorical flair on the Senate floor suggested that the statute would force complainants "necessarily to sit around awaiting six months" and that it was a "180–day private filing restriction." 118 Cong.Rec. 1069 (1972) (Sen. Javits and Sen. Dominick) (quoted in *Martini,* 178 F.3d at 1347). These two isolated comments are not persuasively attributed to the entire Congress. Other evidence, particularly Congress's decision to use 180 days instead of 150 days, is also ambiguous; this could have been a decision to increase the maximum, not the minimum, amount of time allotted for an investigation. *See* H.R.Rep. No. 92–899 (1972) (cited in *Martini,* 178 F.3d at 1347); *see also Martini,* 178 F.3d at 1345 (finding other legislative history ambiguous).

Since the statute and legislative history do not unambiguously express an intent to create a minimum 180–day investigation period, which is "the precise question at issue," I must proceed to step two under *Chevron. Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. If the regulation is a permissible construction of the statute, I will uphold it. The regulation conditions an early right-to-sue letter on a determination by an appropriate Commission official that it is probable that the EEOC will not complete the administrative processing of the charge within 180 days. 29 C.F.R. § 1608.28(a)(2). This is equivalent to a finding that a right-to-sue letter is likely to issue in any event. In light of the duty to investigate and pursue informal resolution codified in 42 U.S.C. § 2000e–5(b), this proviso is an important one. The regulation does not allow the wholesale abandonment of the EEOC's mandate; instead, it

---

**2.** This provision also expresses a desire to foster the informal resolution of charges. However, as with the duty to investigate, nothing in the statutory language clearly expresses an intent to make conciliation efforts last 180 days.

requires the agency's expert determination that a right-to-sue letter is probable. Where further investigation or conciliation is unlikely to prevent a right-to-sue letter from being issued (perhaps because the EEOC's workload prohibits many investigations from being completed within 180 days), the regulation allows the EEOC to move on to the next case. In light of the EEOC's expertise in administering the statute, this is a permissible interpretation of its obligations under Title VII. The regulation is therefore valid.

Defendant's motion to dismiss is denied.