**Robert McWILLIAMS, Plaintiff–Appellant,**

**v.**

**LATAH SANITATION, INC., dba: Moscow Recycling, Defendant–Appellee.**

**No. 04–35387.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided Aug. 23, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Mumford, Esq., Mabutt & Mumford Attorneys, Moscow, ID, for Plaintiff–Appellant.

Charles R. Graham, Landeck, Westberg, Judge & Graham, Moscow, ID, for Defendant–Appellee.

Before HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Robert McWilliams appeals the district court's grant of summary judgment, dismissing McWilliams's discrimination claim under the Americans With Disabilities Act ("ADA"), as well as his supplemental state law claims, for lack of subject matter jurisdiction. The district court concluded that McWilliams failed to exhaust his administrative remedies because McWilliams filed an unverified charge of discrimination with the Idaho Human Rights Commission ("IHRC"), which also was automatically filed with the Equal Employment Opportunity Commission ("EEOC"). In response to Latah's challenge to the court's jurisdiction, McWilliams filed a motion to supplement his charge before the IHRC pursuant to 29 C.F.R. § 1601.12(b). The district court denied the motion, concluding that an implicit time limit must be read into 29 C.F.R. § 1601.12(b), thereby forbidding

amendments after the right to sue notice is issued. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.[1]

To maintain a disability discrimination action under the ADA, the complainant must exhaust his administrative remedies under 42 U.S.C. § 2000e–5. *See* § 42 U.S.C. § 12117(a). To commence the administrative process, a complainant must file a charge within the statutory period. 42 U.S.C. § 2000e–5(b); 42 U.S.C. § 2000e–5(e)(1). The charge of discrimination "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). However, we have "recognize[d] the importance of nontechnical interpretations of the procedural requirements inherent in the processing of discrimination claims." *Casavantes v. Cal. State Univ., Sacramento,* 732 F.2d 1441, 1442 (9th Cir.1984).

Further, the EEOC regulations permit an otherwise timely charge to be verified or amended after the time for filing has expired. *See* 29 C.F.R. § 1601.12(b). The regulation provides, in relevant part,

A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "This Court reviews a district court's decision to grant summary judgment de novo with all facts read in the light most favorable to the non-moving party." *Yakutat, Inc. v. Gutierrez,* 407 F.3d 1054, 1066 (9th Cir.2005). "The district court's determination that it

lacks subject matter jurisdiction because the plaintiff failed to exhaust administrative remedies is reviewed de novo." *Leong v. Potter,* 347 F.3d 1117, 1121 (9th Cir.2003). Further, "[w]hether the district court properly interpreted federal statutes and regulations is a question of law we review de novo." *Student Loan Fund of Idaho, Inc. v. U.S. Dept. of Educ.,* 272 F.3d 1155, 1165 (9th Cir.2001).

of the original charge will relate back to the date the charge was first received. 29 C.F.R. § 1601.12(b). Under this provision, a complainant who files an unsigned or unsworn charge can amend the charge by providing a supplemental verification and that amendment relates back to the original charge so as to satisfy the "oath or affirmation" requirement. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 115–18, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002); *Casavantes*, 732 F.2d at 1443.

█ The district court erred in concluding that this regulatory provision includes an implicit time limitation. "To interpret a regulation, we look first to its plain language. As with legislation, we presume the drafters said what they meant and meant what they said." *United States v. Bucher*, 375 F.3d 929, 932 (9th Cir.2004) (citations omitted). The plain language of 29 C.F.R. § 1601.12(b), which the Supreme Court held to be an "unassailable interpretation" of the statute, *Edelman*, 535 U.S. at 118, 122 S.Ct. 1145, does not limit the time frame during which a charging party can file a supplemental verification or amend a charge.

█ We have noted that, "[t]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.2002) (internal quotation marks and citations omitted). Thus, "the crucial element of a charge of discrimination is the factual statement contained therein." *Id.* at 1100 (citations omitted); *see also* 29 C.F.R. § 1601.12(b) ("[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."). Accordingly, when, as

here, the charge provided a sufficient description of the factual allegations to put the employer on notice and allow the administrative agency to conduct a complete investigation of the charges, the initial failure to verify does not prejudice the employer and should not be fatal to the employee's later filed lawsuit.

Finally, we noted that the verification requirement is a technical rather than substantive provision. *See Edelman*, 535 U.S. at 116, 122 S.Ct. 1145 (analogizing the verification requirement to the signature requirement under Federal Rule of Civil Procedure 11); *Philbin v. Gen. Elec. Credit Auto Lease, Inc.*, 929 F.2d 321, 324 (7th Cir.1991) (describing the verification requirement as "directory and technical rather than mandatory and substantive." (citations omitted)). Indeed, the applicable EEOC regulatory provision specifically refers to a verification error as a "technical defect[ ] or omission." 29 C.F.R. § 1601.12(b). Thus, in light of the well-established principal that "the Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination," *Casavantes*, 732 F.2d at 1442 (citations omitted), the mere technical defect in McWilliams's charge is not fatal to his suit and he must be provided with the opportunity to amend his charge under 29 C.F.R. § 1601.12(b).

We therefore reverse and remand to the district court for the court to stay proceedings for a reasonable time to allow McWilliams to ask the EEOC for leave to file a late verification. *See* 29 C.F.R. § 1601.28(a)(3). If McWilliams's request is granted by the EEOC, he may then seek leave from the district court to file an amended complaint with the court.

REVERSED and REMANDED.

CALLAHAN, Circuit Judge, concurring.

Although I concur in the result, I would hold that, on the facts of this case, remand

is appropriate because the plaintiff is entitled to equitable tolling of any time limit that would otherwise apply to the filing of an amended charge. *See Valenzuela v. Kraft*, 801 F.2d 1170 (9th Cir.1986) (applying equitable tolling in a related context).