**William J. McLEE, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant–Movant.**

Nos. 94–8014, 94–3082.

United States Court of Appeals, Second Circuit.

Submitted Sept. 28, 1994.

Decided Oct. 12, 1994.

Michael H. Sussman, Goshen, NY, for plaintiff.

Louis Ginsberg, Stroock & Stroock & La-van, New York City, for defendant-movant.

Before NEWMAN, Chief Judge, KEARSE and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

Pending before us is a motion for leave to file a petition for a writ of mandamus directed to a District Judge considering an employment discrimination case. The circumstances giving rise to the motion are as follows:

The defendant, Chrysler Corporation, moved for summary judgment in the District Court. Judge Goettel denied the motion, but, in doing so, made clear that he was under the impression that this Court had precluded grants of summary judgment in employment discrimination cases, at least where the employer's intent was at issue. Judge Goettel's memorandum decision concluded:

Consequently, we decline to even consider whether summary judgment is appropriate in this case. The motion for summary judgment is, therefore, denied.

Chrysler then moved for leave to appeal the ruling denying summary judgment, see 28 U.S.C. § 1292(b), and the District Court certified its ruling.

By order filed September 12, 1994, we treated the motion for leave to appeal as a motion seeking leave to file a petition for mandamus, see In re Repetitive Stress Injury Litigation, 35 F.3d 637 (2d Cir. 1994) (on petition for rehearing), because

it appears that the District Judge may have failed to exercise the decision-making authority authorized by Rule 56 of the Federal Rules of Civil Procedure and the decisions of this Court, see Woroski v. Nashua Corp., 31 F.3d 105 (2d Cir.1994); Gallo v. Prudential Residential Services, 22 F.3d 1219 (2d Cir.1994); Dister v. Continental Group, Inc., 859 F.2d 1108 (2d Cir.1988).

Woroski and Dister had affirmed a grant of summary judgment for the employer in cases involving a claim of a discriminatory discharge. Although Gallo had reversed a grant of summary judgment for an employer in a discrimination case because of the existence of disputed facts, this Court had cited Dister with approval. Gallo had also expressed caution about granting summary judgment in cases where intent is in issue, 22 F.3d at 1224, an unexceptionable principle of considerable lineage, see Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Thus, the District Court's impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable.

Availing himself of the opportunity afforded by our September 12 order, the District Judge filed a response on September 28, 1994. The response endeavors to distinguish Woroski on its facts and also favors us with a nursery rhyme.

This is a clear-cut case for the issuance of mandamus. A District Judge has declined to exercise decision-making authority entrusted to him, see La Buy v. Howes Leather Company, Inc., 352 U.S. 249, 256, 77 S.Ct. 309, 313, 1 L.Ed.2d 290 (1957), even after precedents obliging him to exercise such authority have been called to his attention. The denial of summary judgment while "declin[ing] to even consider whether summary judgment is appropriate" is not the exercise of decision-

making authority. Under the circumstances, we deem it appropriate to have the case reassigned to another judge.

We therefore issue a writ of mandamus directing the District Judge to arrange for the reassignment of the case to another judge, using the reassignment procedures applicable in the Southern District of New York. The motion for leave to appeal pursuant to section 1292(b) is denied, without prejudice. The stay of proceedings previously issued is vacated.