Karen VAN ZANT, Plaintiff,

v.

**KLM ROYAL DUTCH AIRLINES and Kenneth Hasan King, Defendants.**

No. 93 Civ. 3910 (CBM).

United States District Court,
S.D. New York.

Dec. 14, 1994.

Jesse Sable, Sable Gold & Dinhofer, New York City, for plaintiff.

Michael DiMattia, Ross & Hardies, New York City, for defendants.

## OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MOTLEY, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e. Plaintiff, Karen Van Zant, claims that defendant, KLM Royal Dutch Airlines ("KLM"), discriminated against her because of her gender. This discrimination allegedly occurred by allowing a hostile work environment to develop at KLM's Queens office which continued without remedy. Plaintiff also claims that KLM retaliated against her because she complained to the police that she had been sexually harassed in August 1991, by co-defendant Hasan King, a male co-worker employed by KLM, who had created the hostile work environment and personally harassed plaintiff.

### FACTS

Van Zant began to work at KLM on August 17, 1987 in passenger accounting. In 1990 she transferred to the Cargo Division and became a Junior Cargo Accountant, a clerical position. Subsequently, in 1991, Van Zant and other existing staff were upgraded to Senior Accountants. Defendant KLM

hired Hasan King in 1989. King was a mailroom clerk whose duties included delivering mail and other packages throughout KLM's facility. He had no supervisory authority over Van Zant and they did not work in close proximity to each other.

Plaintiff alleges that King repeatedly bragged about his sexual skills, made lewd gestures behind the backs of women employees over a long period of time and exposed himself to her in her office one day. King denied the expose charge. There were no witnesses to the exposure incident.

During the summer of 1991, Van Zant alleges that King became even more outwardly flirtatious than he had been and increasingly more crude with his sexual comments. Van Zant claims that she did complain of King's behavior to her supervisor, Emily Brown. Van Zant did not make a written complaint until August 26, 1991. She made this complaint because King allegedly exposed himself to her on August 24, 1991. Her supervisor immediately reported this incident to KLM's Human Resources Department. Within the space of one week, Van Zant had been interviewed regarding the incident, a possible witness suggested by Van Zant also had been interviewed but was not an eye witness, King had been interviewed and, although he denied exposing himself to Van Zant, he was reprimanded. He was not fired at the time because he denied the exposure charge and there were no actual witnesses to the incident.

In that same week, Van Zant called the police and made formal criminal charges against King. He, subsequently, pleaded guilty to a lesser charge.

On September 5, 1991, for unrelated reasons, KLM terminated King's employment. KLM discovered that King had made a false statement on his application for employment about a prior conviction.

Van Zant claims that when she went to court to press her charge against King, one of KLM's supervisory employees passed right by her and shook hands with King in the courthouse hallway and wished him good luck. Van Zant interprets the hand shake as support for King by KLM and hostility to

her on the part of a KLM supervisory employee.

After King's discharge, Van Zant made no further claims of sexual harassment against King. She does claim, however, that in March 1993 while she was working she saw King on KLM's property which greatly upset her. King had been allowed on KLM's premises by another low level employee. Because of this turn of events, KLM offered Van Zant a voluntary, paid leave of absence which she accepted in lieu of on the job security. The leave lasted for several months. The leave, however, was subject to periodic reviews in which Van Zant refused to participate.

There were no other claims of sexual harassment filed by other women employees against King during his employment at KLM. Van Zant's claim that KLM did nothing about her complaint against King is simply not supported by the evidence in this record. In fact, the evidence support's KLM's claim of prompt and appropriate action. The facts relating to Van Zant's retaliation claim are that in the summer of 1991 she applied for a promotion which she did not receive. In fact, none of the three KLM employees who applied for the position received the promotion. In addition, Van Zant claims that in September 1991 her work environment changed for the worse because her supervisors began to strongly criticize her work and to verbally abuse her. For evidence of this change, Van Zant points to the fact that she was given a poor job performance evaluation and placed on probation in April 1992. However, several other KLM employees who had been recently appointed to the position of Senior Accountant, as plaintiff had been, received low job performance evaluations for the same time period as well. Van Zant also received a low performance rating before the King incident.

On November 30, 1993 Van Zant was terminated because she had refused to report for an evaluation so that KLM could determine whether her leave of absence should be continued. Van Zant claims that she was fired because she had filed a complaint with the police against King in 1991. Van Zant further claims that her supervisor, Emily

Brown, was annoyed with her because she had not sued KLM as Brown had suggested to her months before and that this was the reason for her being fired. On the other hand, Van Zant alleges that her supervisor responded immediately and sympathetically to her initial exposure complaint against King and not only urged her to go to the police but gave her time off to do so.

Van Zant filed a charge of sexual harassment and employment discrimination with the EEOC on August 4, 1992. She received a Right to Sue Letter on March 11, 1993. Van Zant timely filed a complaint with this court within 90 days of receipt of the letter.

KLM has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In its motion papers, KLM has relied on five grounds in support of the motion. These are: 1) that Van Zant's claims of discrimination/sexual harassment are time barred; 2) KLM is not responsible for the behavior of King since KLM promptly responded to Van Zant's complaints; 3) Van Zant has produced no evidence to support her retaliation claim; 4) Van Zant cannot receive compensatory or punitive damages under Title VII because the conduct occurred before the effective date of the 1991 Civil Rights Act; and 5) Van Zant cannot request damages in excess of the statutory limits regarding recovery under Title VII. The court finds and concludes that both of plaintiff's claims are time barred. This court also finds that on this motion Van Zant failed to offer any proof to support her allegations of sexual harassment and hostile work environment for which her employer KLM would be liable. Any proof of retaliation against Van Zant by KLM for having filed criminal charges against King was not only lacking, but no connection between the retaliation and her charge against King was shown.

## STANDARD FOR SUMMARY JUDGMENT AND DISCUSSION

"When a motion for summary judgment is made, and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Van Zant has failed to set forth specific facts demonstrating the existence of a genuine material dispute as to the timeliness of this suit or as to the liability of KLM for work environment/sexual harassment or as to retaliation. A Title VII plaintiff cannot "defeat a motion for summary judgment by offering purely conclusory allegations of discrimination." *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. den.* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); *McLee v. Chrysler Corp.,* 38 F.3d 67 (2d Cir.1994) (Second Circuit reaffirmed the availability of summary judgment in discrimination cases); *Johnson v. Frank,* 828 F.Supp. 1143, 1147 (S.D.N.Y.1993) (Motley, J.). Here, Van Zant has failed to offer more than allegations. Plaintiff has produced no confirming depositions or affidavits from witnesses other than herself of the discriminatory behavior of KLM or of the sexually predatory nature of Hasan King after the first incident which occurred shortly before he was fired for other reasons. Van Zant's late filing of the Byersdorfer affidavit was not considered on this motion.

■ Plaintiff's claims of sexual discrimination and retaliation are fatally flawed because they are time barred. Section 2000e–5(e) of Title VII requires that a Charge of Discrimination be filed with the EEOC within 300 days of the alleged discriminatory act. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 1887 n. 4, 52 L.Ed.2d 571 (1977) ("timely filing is a prerequisite to the maintenance of a Title VII action"). "When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." *Butts v. City of New York Dept. of Housing,* 990 F.2d 1397, 1401 (2d Cir.1993). "In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." *Id.*

■ The statutory requirement that claims be filed within 300 days is similar to a

statute of limitations, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982), which begins to run from the date the claimant receives notice of the allegedly discriminatory act. *Delaware State College v. Ricks*, 449 U.S. 250, 256–259, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980). Plaintiff Van Zant filed her charge with the EEOC on August 4, 1992. Counting back 300 days, the latest date on which any sexual harassment or other discrimination or retaliation claim that plaintiff could timely sue on would be October 9, 1991. All claims for discriminatory behavior occurring before October 9, 1991 would be time barred. Since plaintiff claims to have been sexually harassed by King from June to August of 1991, her claims arose prior to the allowed time period. Therefore, all of her sexual harassment claims arose before October 9, 1991 and are time barred.

In addition to her sexual harassment claims, plaintiff's retaliation claim is time barred. Plaintiff complains that she did not receive a promotion in September 1991. She was denied the promotion on September 24, 1991 which is before the cut off date of October 9, 1991. Van Zant's claims with relation to being put on probation in 1992 and fired in 1993 have not been shown to be related in any way to her complaint against King to the police in 1991.

■ Furthermore, plaintiff's claim of sexual harassment and retaliation cannot be maintained under a continuing violation theory because plaintiff does not have this theory available to her. *Cook v. Pan Am. World Airways, Inc.*, 771 F.2d 635, 646 (2d Cir. 1985); *Association Against Discrimination in Employment, Inc. v. Bridgeport*, 647 F.2d 256, 274–275 (2d Cir.1981), *cert. denied*, 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982) (continuing violation exception applies to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists). It is well established that even several incidents of discrimination which are not part of a mechanism or policy do not constitute a continuing violation. *Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.1993). Plaintiff's argument that her sexual harassment claims and the subsequent denial of the promotion make a continuing violation is without merit. This court has rejected a similar argument at an earlier time. *Brookes v. The Museum of Natural History*, 1991 WL 177647 (S.D.N.Y.1991) (Motley, J.) (Retaliation, itself, is a separate cause of action and not a part of any continuing discrimination claim).

■ Here KLM acted promptly after Van Zant's first claim of sexual harassment against King. No further claims were made against King while he was still employed at KLM. Plaintiff does not deny this. Plaintiff attempted to show a continuing practice on the part of King by alleging, without proof, that King had harassed other female employees before he harassed her and that KLM was aware of this. No proof of this claim was offered. In short, none of plaintiff's claims has been supported by any proof raising a genuine factual dispute, as required to defeat this motion quite aside from the fact that her main claims are time barred. The court finds it unnecessary, in view of the foregoing, to discuss defendant's other grounds for this motion.

## CONCLUSION

Because plaintiff's claims of sexual harassment and retaliation are time barred and, in addition, are not supported by any evidence which would render her employer liable for King's conduct, defendant's motion for summary judgment is granted and plaintiff's claims are dismissed.

**SO ORDERED.**